IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:22cr353-MHT |
| | ) | (WO) |
| JOHN HOOKS, III | ) | |

## ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant John Hooks, III. For the reasons set forth below, and based upon the representations made during a conference call on the motion on February 17, 2023, the court finds that jury selection and trial, now set for March 13, 2023, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within

> seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Hooks in a speedy trial. Defense counsel represents that the parties are in the midst of plea negotiations and need more time before the upcoming plea deadline to complete those negotiations. In addition, counsel needs time to have the defendant undergo a psychological evaluation to assist with the negotiation process. The court sees no evidence of a lack of diligence on counsels' part. A continuance of the trial date until June 5, 2023 is necessary to allow sufficient time for counsel to finish the negotiation process in advance of the plea deadline and trial date. As noted above, the government does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed amended motion to continue trial (Doc. 22) is granted.

(2) The jury selection and trial, now set for March 13, 2023, are reset for June 5, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 17th day of February, 2023.

                                       /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**